**Opinion filed January 14, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00023-CR

_____

## LEO BRITO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR51235**

## M E M O R A N D U M   O P I N I O N

The jury convicted Leo Brito of the offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2019). After it found the two enhancement paragraphs contained in the indictment to be true, the trial court assessed punishment at imprisonment for thirty-five years. In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it denied his motion for continuance. We affirm.

The grand jury indicted Appellant for "intentionally, knowingly and recklessly caus[ing] serious bodily injury to JORGE MORALES, by cutting, stabbing, and slashing him" with "a deadly weapon, to-wit: a knife." In its witness list, the State included Morales among those it intended to call during trial. However, because Morales's whereabouts were unknown, the State's attempts to locate and serve Morales with a subpoena were unsuccessful. By the time of trial, Morales still had not been served with a subpoena to testify as a witness.

When the trial court called Appellant's case for trial, both sides announced "ready." The parties argued motions in limine and proceeded with voir dire. After the jury had been sworn, Appellant objected to the unavailability of Morales as a witness and requested a continuance. Appellant, through his counsel, argued that Morales's presence was critical to his ability to develop his claim of self-defense and that, as the victim named in the indictment, Morales's absence violated Appellant's Sixth Amendment right to confrontation.

The trial court overruled Appellant's objection and request for a continuance. The jury found Appellant guilty of the charged offense, and upon Appellant's election, the trial court assessed punishment. Appellant's sole issue challenges the trial court's denial of his motion for continuance as a violation of his right to face his accuser under the Confrontation Clause.

We review a trial court's denial of a motion for continuance for abuse of discretion. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). The ruling on a motion for continuance is within the sound discretion of the trial court, and a defendant must show "specific prejudice to his defense" to establish an abuse of that discretion. *Id.*

Appellant asserts that the trial court abused its discretion when it denied his oral motion for "a continuance of his trial in the absence of the victim named in the

2

indictment," and he submits that the denial of his motion deprived him of his rights under the Confrontation Clause of the United States Constitution. We cannot agree.

The record indicates that, in the week before trial, the prosecutor notified defense counsel that Morales had not been subpoenaed to testify as a witness as part of the State's case-in-chief. The record also indicates that the defense did not attempt to subpoena Morales. After the trial had begun, defense counsel argued that he could not "develop any self-defense claims" without Morales as a witness; however, when the trial court asked whether the defense had tried to subpoena Morales, counsel responded that it was not the defense's burden to subpoena him. Further, Appellant did not show the trial court what Morales's testimony would be if he were to appear.

The State had the burden to establish the elements of the offense beyond a reasonable doubt, and Appellant has not provided any authority to support his contention that the Confrontation Clause requires the availability of the victim to testify as a witness at trial. Because Appellant has not established that he suffered any specific prejudice when the trial court denied his oral motion for continuance after the trial had begun, we cannot hold that the trial court abused its discretion when it denied Appellant's request for a continuance. We overrule Appellant's issue on appeal.

We affirm the judgment of the trial court.

January 14, 2021                                       JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).        SENIOR CHIEF JUSTICE

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Williams, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.